STEPHEN JENNINGS *vs.* JENNIE W. HOWARD.

Suffolk.    March 6, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract*, Performance and breach.

At the trial before a judge without a jury of an action for breach of a contract in writing whereby the defendant agreed to convey certain real estate to the plaintiff for the sum of $1,000 to be paid by the plaintiff on a certain day, there was evidence that, before the expiration of the time within which the money was to have been paid, an agent of the defendant interviewed the plaintiff and presented a deed to which the plaintiff objected because of an alleged defect in the acknowledgment, that the agent at the request of the plaintiff sent another deed running to a different grantee to the defendant for execution and proper acknowledgment, and that the plaintiff did not tender any cash to the agent. The plaintiff testified and the agent denied that the agent stated that he was willing to take the plaintiff's check in lieu of cash. There was no evidence of any authority of the agent to make any agreement as to the new deed or to make any agreement as to the acceptance of a check instead of cash, nor was there any evidence of a defect in the deed presented by the defendant's agent. The judge found that there was no evidence of any tender by the plaintiff either of a check or cash, and that there was no evidence of a breach of the contract by the defendant. *Held,* that the findings were warranted by the evidence.

CONTRACT by the assignee of a contract in writing for the conveyance of land by the defendant to Alfred A. Marcus and Son, for breach of the contract in failure to convey.   Writ in the Superior Court for the county of Suffolk dated February 7, 1903.

There was a trial before *Fox,* J., without a jury.   The terms of the contract required that Marcus and Son should pay to the defendant $1,000 on or before February 1, 1903.   Other facts are stated in the opinion.   The judge found· that the contract was duly executed and was sufficient, but, in response to a request for a ruling, which was the fifth request, that, "if H. A. Howard agreed to accept a check for $1,000 as compliance on

the part of the plaintiff to the terms of the contract upon the return of the deed, it is not necessary for the plaintiff to show a further tender of $1,000 before February 1, 1903, to enable him to recover in this action," he ruled, " There is no evidence of any tender either of check or cash "; and refused to rule that, " (7) upon all the evidence in the case there was evidence sufficient to warrant the court in finding that a valid contract was entered into between the defendant with Marcus; that such contract had been violated and that the plaintiff was entitled to recover damages for the breach of the contract," or that, " (8) upon all the evidence in the case the finding should be for the plaintiff." There was a finding for the defendant and the plaintiff alleged exceptions.

*W. C. Cogswell*, for the plaintiff.

*J. K. Berry*, for the defendant.

SHELDON, J. The evidence in this case warranted a finding that before the time limit named in the agreement had expired the plaintiff and the defendant's agent met for the purpose of performing the agreement; and the defendant, through her agent, offered a deed to the plaintiff. The plaintiff testified that the agent at this time said that he was willing to take the plaintiff's check for the amount due ; but this was denied. The plaintiff however objected to the acknowledgment of the deed offered him; and it was arranged between the plaintiff and the defendant's agent that a new deed should be drawn running to a different grantee, and sent to the defendant in Georgia for execution by herself and her husband. There was no evidence of the agent's authority to bind her by this new arrangement. The plaintiff prepared such a deed, and it was sent to the defendant by her agent, but was not returned. The plaintiff asked the agent about the deed, and the agent said that he expected it and that there was no reason why he should not receive it the next day or very soon. Nothing further appears to have been done by the plaintiff until he brought this writ, six days after the date limited by the agreement.

It is too plain for discussion that on these facts the judge was warranted in finding for the defendant on the ground that there had been no tender by the plaintiff and nothing in the conduct of the defendant to excuse a tender. Although there was evi-

dence that after the first deed had been offered to the plaintiff a larger offer for the property had been made to the defendant, there was no evidence and apparently no claim that she had accepted such an offer, or even that the offer was made before the date of the plaintiff's writ. Plainly this bare offer, unaccepted and in no way acted upon, could not have excused the plaintiff from making a tender or offer of performance.

And the plaintiff's requests for rulings were properly refused. As to the fifth request, the judge found that there was no evidence of any tender of either check or cash; and this finding was manifestly correct. Nor did it appear that the defendant's agent had any authority to make any such agreement as was stated in that request. As to the seventh request, the judge was not bound to find, in the absence of any offer of performance on the part of the plaintiff and of any refusal or disability to perform on the part of the defendant, that she had violated the contract. It did not appear that the deed which she had offered to the plaintiff, of the contents of which we have not been informed, was not a sufficient offer of performance by her. And we have already seen that a finding for the defendant was warranted.

*Exceptions overruled.*